1
2
3
4
5
6
7

8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   WARREN CLEVELAND GREEN,              No.  2:19-CV-0356-DMC-P

12                  Plaintiff,

13          v.                                        ORDER

14   N. MALAKKLA, et al.,

15                  Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the court is Plaintiff's complaint (ECF No. 1).  Plaintiff alleges

19   Defendants violated his rights under the Eighth Amendment.

20

21                  **I.  SCREENING REQUIREMENT AND STANDARD**

22          The Court is required to screen complaints brought by prisoners seeking relief

23   against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

24   § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

25   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

26   from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).

27   / / /

28   / / /

                                                  1

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572F.3d at 969.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following Defendants: (1) N. Malakkla; (2) T. Weinholdt; (3) J. Lewis; and (4) C. Willis. See ECF No. 1, at 2. Plaintiff alleges Defendants N. Malakkla and T. Weinholdt violated his Eighth Amendment rights by intentionally documenting Plaintiff's paralysis level as "paralyzed below the waist," which Plaintiff states is false information because a prior MRI "proves" paralysis in the vertebra at level T-1 or T-2. Id. at 4. Plaintiff states this means he is "paralyzed chest down to [his] feet." Id. Due to the misclassification, Plaintiff claims Defendants N. Malakkla and T. Weinholdt "minimized-down played" the seriousness of his paralysis which caused him to be taken off D-yard, which has a Correctional Treatment

Center (CTC) classification, and placed in C-yard, which does not have CTC classification. Id. Plaintiff alleges in C-yard he does not receive help with his disability, such as assistance cleaning and clothing himself, like he did in the CTC-classified D-yard. Id. Plaintiff alleges both Defendants J. Lewis and C. Willis violated his Eighth Amendment rights, but does not specifically address any portion of the complaint against either Defendant.

## III. DISCUSSION

Plaintiff alleges violations of his rights under the Eighth Amendment. Plaintiff's claims against Defendants N. Malakkla and T. Weinholdt are sufficient to pass screening. However, Plaintiff's claims against Defendants J. Lewis and C. Willis fail to meet the pleading standard outline under Federal Rule of Civil Procedure Rule 8 as Plaintiff fails to specify which Defendant engaged in the conduct that lead to the alleged constitutional violations.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

/ / /

/ / /

1    Deliberate indifference to a prisoner's serious illness or injury, or risks of serious

2    injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105;

3    see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health

4    needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is

5    sufficiently serious if the failure to treat a prisoner's condition could result in further significant

6    injury or the ". . . unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d

7    1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).

8    Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition

9    is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily

10   activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See

11   Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

12   The requirement of deliberate indifference is less stringent in medical needs cases

13   than in other Eighth Amendment contexts because the responsibility to provide inmates with

14   medical care does not generally conflict with competing penological concerns.  See McGuckin,

15   974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to

16   decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.

17   1989).  The complete denial of medical attention may constitute deliberate indifference.  See

18   Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical

19   treatment, or interference with medical treatment, may also constitute deliberate indifference.  See

20   Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also demonstrate

21   that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

22   Negligence in diagnosing or treating a medical condition does not, however, give

23   rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a

24   difference of opinion between the prisoner and medical providers concerning the appropriate

25   course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh,

26   90 F.3d 330, 332 (9th Cir. 1996).

27   / / /

28   / / /

4

**A.  Claims Against N. Malakkla and T. Weinholdt**

This Court finds Plaintiff has alleged sufficient facts to support an Eighth Amendment claim against Defendants N. Malakkla and T. Weinholdt under § 1983.  Plaintiff alleges Defendants N. Malakkla and T. Weinholdt intentionally, and with deliberate indifference, documented false information contained in Plaintiff's medical reports regarding his disability status as a paraplegic.  It is reasonable to infer that Defendants N. Malakkla and T. Weinholdt, as the Chief Physician and as the ADA Coordinator respectively, had access to Plaintiff's medical records, including the MRI specifically detailing Plaintiff's paralysis status.  Further, it is reasonable to infer that by documenting Plaintiff's paralysis as a level contradictory to what the MRI indicates, Defendants intentionally falsely documented Plaintiff's paralysis.  Accordingly, the Defendants' actions resulted in the unnecessary and wanton infliction of pain on the Plaintiff.

Plaintiff's claim as to these two Defendants passes screening because Plaintiff alleged sufficient facts to support the allegation that Defendants N. Malakkla and T. Weinholdt acted with deliberate indifference to his serious medical needs.

**B.  Claims Against Defendant J. Lewis and C. Willis**

1.  Causal Link

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

/ / /

1    Here, Plaintiff alleges all four Defendants violated his Eighth Amendment rights.

2    However, Plaintiff failed to specifically name or address Defendants J. Lewis and C. Willis in the

3    complaint, and Plaintiff does not allege facts to establish how these defendants' personal conduct

4    violated Plaintiff's constitutional or statutory rights.  Because Plaintiff fails to allege any facts

5    indicating how Defendants J. Lewis or C. Willis engaged in the alleged unconstitutional action,

6    Plaintiff has failed to satisfy the Rule 8 pleading standard.  Further, because Plaintiff failed to

7    attribute any of the alleged unconstitutional conduct to either J. Lewis or C. Willis, this Court is

8    unable to engage in a substantive analysis to determine if sufficient facts exist to support an

9    Eighth Amendment claim.  Plaintiff will be provided an opportunity to amend the complaint to

10   set forth specific facts as to Defendants J. Lewis and C. Willis demonstrating what each

11   Defendant did and how that action or inaction violated Plaintiff's constitutional rights.

12                    2.        Supervisory Liability

13                    Further, the Court observes Defendants J. Lewis and C. Willis hold supervisory

14   positions.  Supervisory personnel are generally not liable under § 1983 for the actions of their

15   employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no

16   respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional

17   violations of subordinates if the supervisor participated in or directed the violations.  See id.  The

18   Supreme Court has rejected the notion that a supervisory defendant can be liable based on

19   knowledge and acquiescence in a subordinate's unconstitutional conduct because government

20   officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct

21   and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Supervisory

22   personnel who implement a policy so deficient that the policy itself is a repudiation of

23   constitutional rights and the moving force behind a constitutional violation may, however, be

24   liable even where such personnel do not overtly participate in the offensive act.  See Redman v.

25   Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

26   / / /

27   / / /

28   / / /

6

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

Here, Plaintiff appears to allege Defendants J. Lewis and C. Willis are liable as supervisory personnel, asserting that as supervisors, these Defendants are liable for the conduct of their subordinates. This is a respondeat superior theory of liability which is not cognizable under § 1983. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff is advised that in amending the complaint it is necessary to allege that, through the individual supervisors' action or inaction, Plaintiff's constitutional rights were violated.

## IV. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

1    Additionally, the Court notes Plaintiff's current pleading method does not satisfy

2    the requirement of Rule 8(a) that claims must be stated simply, concisely, and directly.  Plaintiff's

3    complaint would require the Court to comb through pages of documents, in particular numerous

4    exhibits attached to the complaint, many with plaintiff's hand-written annotations, to determine

5    whether Plaintiff has stated any claims upon which relief can be granted.  The Court is unwilling

6    to do this because it is for Plaintiff to formulate his claims in a way that satisfies the rules.

7        Because the complaint appears to otherwise state cognizable claims, if no amended

8    complaint is filed within the time allowed therefor, the court will issue findings and

9    recommendations that the claims identified herein as defective be dismissed, as well as such

10   further orders as are necessary for service of process as to the cognizable claims.

11       Accordingly, IT IS HEREBY ORDERED that plaintiff may file a first amended

12   complaint within 30 days of the date of service of this order.

13

14   Dated:  June 18, 2019

15                                                   _____
                                                     DENNIS M. COTA
16                                                   UNITED STATES MAGISTRATE JUDGE